[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12309

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DARYL REED,
a.k.a. Short,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:11-cr-20431-KMM-4

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Daryl Reed appeals pro se the district court's denial of his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred in finding that he did not show an extraordinary and compelling reason for release based on the COVID-19 pandemic and his health issues, particularly obesity, cardiomyopathy, and hypertension.

## I.

On July 29, 2011, Reed pleaded guilty to six counts of conspiracy to possess, with intent to distribute, cocaine in violation of 21 U.S.C §§ 841 and 846. On October 21, 2011, Reed was sentenced to concurrent terms of incarceration for 222 months, followed by 5 years supervised release and incarceration for 222 months, followed by 3 years supervised release.

Due to COVID-19, Reed brought a motion for compassionate release in the district court. Specifically, Reed argued that his medical conditions of hypertension, obesity, an enlarged heart, and others put him at a higher risk of serious illness from COVID-19. The record shows that Reed contracted COVID-19 during his incarceration and recovered. Reed was asymptomatic throughout his infection. Further, Reed was offered a COVID-19 vaccination, but refused it.

The district court found that Reed failed to demonstrate extraordinary and compelling circumstances warranting release. In

particular, the district court noted that Reed had previously contracted COVID-19 and remained asymptomatic. Thus, Reed's concern that his medical conditions could lead to a serious illness from COVID-19 was speculative. Further, the district court emphasized that Reed's medical conditions were generally under control through medication. Lastly, the fact that Reed elected not to receive a COVID-19 vaccine weighed against a finding of an extraordinary and compelling reason for release.

Additionally, the district court noted that the 18 U.S.C. § 3553(a) factors weighed against Reed's release. Reed has multiple felony convictions including convictions for murder, robbery, narcotics offenses, and firearm offenses. Thus, Reed's criminal history and the nature of his prior felony offenses strongly weighed against his release. As a result, the district court denied Reed's motion for compassionate release and this appeal followed.

## II.

A determination about a defendant's eligibility for a § 3582(c) sentence reduction is reviewed de novo. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (2021). However, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.*

"While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (internal citation omitted). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under § 3582(c). *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021). Section 3582(c) has been amended by § 603(b) of the First Step Act and now provides that:

> [T]he court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Thus, to grant a reduction under § 3582(c)(1)(A), district courts must find that three necessary conditions are satisfied: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to [United States Sentencing Guidelines] § 1B1.13's policy statement," and the absence of even one forecloses a sentence reduction. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021) (per curiam).

### III.

Reed has abandoned any challenge to the district court's finding that the 18 U.S.C. § 3553(a) factors weigh against granting him compassionate release because he does not address it in his brief. *See Timson*, 518 F.3d at 874; *Sapuppo*, 739 F.3d at 680. In addition to finding that Reed did not demonstrate extraordinary and compelling circumstances, the district court found that the § 3553(a) factors weighed strongly against Reed's release due to his history of serious felony offenses. In particular, the district court emphasized several of the § 3553(a) factors, such as the deterrence of criminal conduct, the seriousness of Reed's conduct, the need to protect the public, and the disparities that Reed's early release would create among defendants with similar records. 18 U.S.C. § 3553(a)(2)(A)–(C), (a)(6). Since support in the § 3553(a) factors is a necessary condition for compassionate release under § 3582(c)(1)(A), the finding that the § 3553(a) factors strongly weighed against Reed's release was sufficient basis alone to deny Reed's motion for compassionate release. *Tinker*, 14 F.4th at 1237–

6                    Opinion of the Court                    21-12309

38. Because Reed fails to challenge an independent ground upon which the district court based its judgment, we affirm.

**AFFIRMED.**